THE PEOPLE *v.* BORRAS.

APPEAL from the District Court of Humacao.

No. 22.—Decided November 24, 1905.

APPEAL—STENOGRAPHIC NOTES—BILL OF EXCEPTIONS—STATEMENT OF FACTS.—The notes taken by the stenographer during the trial should form no part of the transcript of the record on appeal, nor can the same be used as a substitute for a bill of exceptions or a statement of facts.

ID.—OBJECTIONS TO THE EVIDENCE.—When an objection is made to evidence on the ground that it is insufficient, it must be stated wherein such evidence is insufficient.

ID.—OBJECT OF EXCEPTIONS.—One of the objects of objections and exceptions is to call the attention of the opposing party and of the court to the errors which may have been committed in order to give them an opportunity to correct the same before the termination of the trial.

ID.—BILL OF EXCEPTIONS.—Objections and exception must be included in the bill of exceptions in order that the Supreme Court may take cognizance thereof and decide the appeal. In the absence of a bill of exceptions it will be presumed that the judgment is correct and that the plaintiff has proved the facts necessary to sustain his complaint.

OBLIGATIONS—PENAL CLAUSE.—Obligations arising out of contracts have the force of law between the contracting parties and must be complied with according to the terms thereof, and where a penal clause exists the penalty will substitute indemnity for damages and payment of interest in the absence of an agreement to the contrary.

ID.—INTERNAL REVENUE—BOND TO SECURE COMPLIANCE WITH THE INTERNAL REVE-
NUE LAWS.—The bonds required by the Treasurer of Porto Rico, in accord-
ance with section 358 of the Political Code, to guarantee faithful compliance
with the internal revenue laws, have the object of guaranteeing not only in-
demnity for damages and losses, actual and proved, which the Government may
·suffer, in cases of violation of any of the conditions stipulated in such bonds,
but the sureties will be responsible for the total amount therein fixed.

ID.—POWER OF THE TREASURER OF PORTO RICO.—The Treasurer of Porto Rico has
ample power to require a bond from every manufacturer in Porto Rico the
amount thereof being limited to 50 per cent of the value of his annual output.

ID.—CIVIL AND CRIMINAL ACTION.—The prosecution of a criminal action is not a
bar to a civil action, and the fact that a person has been condemned to pay
a fine for a violation of the internal revenue laws is not a bar to an action
to compel the payment of the total amount of a bond furnished by the same
person to guarantee a faithful compliance with the provisions of such law.

The facts are stated in the opinion.

*Mr. Lopez Landron* for appellant.

*Mr. Rossy, fiscal,* for The People.

MR. JUSTICE WOLF delivered the opinion of the court.

The plaintiff, The People of Porto Rico, brought a suit in
the District Court of Humacao against Pascual Borras and
others for the recovery of $1,500, the penal sum named.in a
bond given by the defendants. The facts sufficiently appear
from the judgment and opinion of the court below, which is
as follows:

"This case has come on to be heard before this court by virtue of
the setting of this day for the hearing, the plaintiff and the defend-
ants being present and represented by their counsel, the district at-
torney and Lopez Landron, esq., respectively.

"In this case the *fiscal* of the District of Humacao, representing
The People of Porto Rico, brings suit against Pascual Borras, as
principal, and Juana Borras and Juan Borras Llacer, as sureties, for
the forfeiture of the bond given by said sureties, on account.of Pascual
Borras having violated the Internal Revenue Laws and the conditions
contained in the bond given by the said sureties in favor of The
People of Porto Rico. The *fiscal* alleges that Pascual Borras failed
to enter 120 gallons of rum in the books for the manufacture and
importation of merchandise sold, which in compliance with the rules
of the Treasury Department were delivered to Borras for keeping the
accounts of his distillery, thus violating not only the law, but also the
·conditions set forth in the bond given and signed by his sureties.

"The counsel for defendants alleges in his cross-complaint that Borras, by reason of the internal revenue agents having entered his factory, taking possession of the books and ordering him to discontinue the operation of his industry, has suffered the natural damages arising therefrom, for which damages he demands recovery from The People of Porto Rico.

"On the trial had on this day it was proven that Juana Borras and Juan Borras y Llacer gave a bond for Pascual Borras in favor of The People of Porto Rico, in accordance, among others, with the following conditions:

" 'That whereas the said Pascual Borras, now engaged in the distilling of rum, and intends to continue in the manufacture thereof within the municipality of Caguas, Porto Rico, the distillery being located a quarter of a mile west of Caguas, the firm name under which rum is manufactured being "Santa Catalina." Now, therefore, if the said Pascual Borras shall pay, or cause to be paid as prescribed by the Internal Revenue Laws of Porto Rico, in accordance with an act of the Legislature of Porto Rico, approved on the 31st of January, 1901, entitled "An Act to provide revenue for The People of Porto Rico, and for other purposes," the sum of 60 cents for each gallon of rum or bay rum, and the sum of 80 cents for each gallon or fraction of a gallon of distilled spirits manufactured and shipped from said distillery for sale or consumption in Porto Rico, by the affixture and cancellation of stamps.'

"The bond says further:

" 'And shall correctly enter in a register or stock book provided by the Treasurer the exact number of gallons of rum or other distilled spirits in stock in said factory on the date of receipt of said register; and shall from day to day punctually and correctly enter in said register the exact number of gallons of rum or other distilled spirits manufactured during the preceding twenty-four hours.'

"The said bond says in another place:

" 'Shall allow revenue agents of the Treasury Department free entry to said distillery and shall allow them full opportunity for the inspection of all books, accounts, and of all rum or other distilled spirits in stock, and of the stills and all the machinery, and free entry and inspection of all buildings and enclosures within said distillery premises, and shall true answers make to all questions asked by said agents connected with the manufacture and shipment of rum or other distilled spirits, in or from said distillery; and shall in general faithfully and fully comply with all of the provisions of the Revenue Laws

of Porto Rico, and with the rules and regulations heretofore or here-
after issued by the Treasurer of Porto Rico for the enforcement of
said Revenue Laws and in conformity therewith; and shall, further-
more, not suffer the lot, or tract of land, on which the said distillery
stands, or any part thereof, or any of the machinery or material used
in the manufacture of the rum or other distilled spirits or any stocks
of rum or other distilled spirits on hand, to be encumbered by mort-
gage, judgment, or other lien, during the time in which he shall carry
on said distillery; then this obligation shall be void; otherwise it
shall remain in full force.'

"After the foregoing bond was given the internal revenue agents,
as appears from the evidence, entered the rum factory of Borras, and
found that said Borras had failed to enter in the books furnished
him by the Treasury Department, 130 gallons of rum which he had in
stock, thus violating not only the law, but the provisions of the bond
given in favor of The People of Porto Rico.

"Therefore Borras is bound to comply with the terms of the bond
given in favor of The People of Porto Rico.

"In regard to the cross-complaint filed by the opposition—that is
to say, the defendant—it appears that the internal revenue agents
entered the factory of Borras, and having found that the law had
been violated as aforesaid, they took possession of the books of the
Treasury Department, indicating at the same time to Borras, that he
could not continue to manufacture rum or any other liquors, in the
manner in which the said books were being kept, and in consequence
the industry was stopped.

"But this being a legal act, authorized by the rules of the Treas-
ury Department, the said agents acted in accordance with the law,
and therefore The People of Porto Rico is not responsible for the
damages suffered by Borras. In order for Borras to make this alle-
gation against The People of Porto Rico, he will have to come into
court with clean hands, and moreover he would have to show that he
has not committed the violation or infraction of which he is accused.
So the court finds that there is no cause of action for the cross-com-
plaint filed by the defendant.

"The court finds also that the plaintiff, The People of Porto Rico,
has a right to recover the sum of $1,500 American gold, and the costs
of the suit against the defendants Pascual Borras, Juana Borras and
Juan Borras y Llacer, and it is ordered that judgment be entered in
accordance therewith."

The appellant in his brief alleges three grounds of error:

First. That The People of Porto Rico did not prove the facts set up in the complaint.

Second. That The People of Porto Rico was not entitled to recover the full amount of the bond, but only the damages sustained by it on account of the failure of Pascual Borras to enter the proper number of gallons of rum in his book, as the law required.

Third. That the defendant proved that damages should have been set off against the plaintiff's demand.

Although a motion for a new trial appears in the record, there is nothing to show that any action on it was taken by the court below. In the same motion appeal to this court is noted from the judgment. The stenographer's notes of the evidence appear likewise, but it is not clear that they form a part of the record. There is no bill of exceptions in the case. The appellant has not availed himself of the methods for bringing up matters of evidence on appeal as prescribed either by Chapter V of the Code of Civil Procedure on exceptions, or by Chapter VI on new trials. Section 214 of that Code is a little ambiguous in the English copy in using the words "to sustain it," but the meaning of the whole section is sufficiently plain: "When the objection is to the insufficiency of the evidence, the objection must specify the particulars in which such evidence is alleged to be insufficient." This is the English text with the words "to sustain it" omitted. The Spanish text is a translation of the words quoted, and is not ambiguous.

In the case before us there is neither objection nor exception, hence there is no way for this court to weigh the evidence or to determine whether The People of Porto Rico proved its case as alleged. Nothing appears in the record to show that the appellants made any objection below on the ground of the insufficiency of the evidence. The rest of section 214 excludes the idea that the reporter's notes form part of the record, and it says: "Only the substance of the reporter's notes of the evidence shall be stated."

One of the purposes of objections and exceptions is to give notice of errors to the opposite party and to the court, so that there may be opportunity for correction before the case is closed. Every intendment must be taken in favor of the judgment, and The People of Porto must be deemed to have sufficiently proved the facts set out in its complaint.

Technically the same reason might apply to the second ground of error, for there is nothing in the complaint or the judgment to show that the amount recovered was not the damages which The People of Porto Rico sustained, but as the *fiscal,* in his brief and argument admitted that the amount of stamps due was considerably less than $1,500, we will proceed to consider the question.

Taking the language of the bond literally there can be no doubt that it says that if the principal obligee violates any one of its stipulations, the full amount therein named is due and owing by the obligors. There are matters named in the bond which if Borras had defaulted in the performance of them it would have been difficult if not impossible for the Government to have shown any damages. For instance, that "the principal shall enter in said register the date and amount of each purchase of internal revenue stamps, and the place of purchase; shall allow revenue agents of the Treasury Department free entry to said distillery and shall allow them full opportunity for the inspection of all books, accounts and of all rum or other distilled spirits in stock, and of the stills and of the machinery; and free entry and inspection of all buildings within the said distillery premises, etc." The damages that would flow from a violation of such matters as these would not easily be ascertainable.

Section 1058 of the Civil Code provides:

"Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations."

Section 1120 provides that:

"In obligations with a penal clause the penalty shall substitute indemnity for damages and the payment of interest in case of non-fulfillments, should there be no agreement to the contrary."

If these precepts are to be followed there can be no doubt that the court below did not err in entering up judgment for the full sum. We cannot agree with counsel for the appellant that the bond is only intended to answer for the actual and provable damages that the Government might sustain. The form in which it was drawn would be sufficient to show the contrary, but when it is remembered that the bond is given for the protection of the internal revenue, it becomes evident that the enforcement of its provisions were intended as a punishment and a warning, as is generally the case with bonds given in pursuance of the statute. (*Dorsheimer* v. *United States,* 7 Wallace, 173; *Clark* v. *Barnard,* 108 U. S., 454 *et seq.*)

Section 358 of the Political Code is the authority under which the Treasurer of Porto Rico exacted the bond of Borras and his sureties. That section gives the Treasurer ample authority to require bonds of manufacturers, and limits the amount to 50 per cent of the value of the annual manufacture.

A reference was made in the argument to the practice of the American courts to limit the plaintiff to the recovery of the damages he might actually show. Originally this was not so, but gradually the courts of equity prevented the obligee from recovering more than the amount of his injury, the idea of equity being compensation; and the courts of law afterwards applied the same principle. This is indicated in *Clark* v. *Barnard,* above cited, on page 457, where the court says:

"Accordingly, where any penalty or forfeiture is imposed by statute upon the doing or omission of a certain act, there courts of equity will not interfere to mitigate the penalty of forfeiture, if incurred, for it would be in contravention of the direct expression of the legislative will."

In the case of *Dorsheimer* v. *United States,* the court says:

"The purpose of penalties inflicted upon persons who attempt to defraud the revenue, is to enforce the collection of duties and taxes. They act *in terrorem* upon parties whose conscientious scruples are not sufficient to balance their hope of profit."

It was also suggested in argument, and admitted by the *fiscal,* that Borras had been found guilty of the act charged and fined $500, and that the criminal action ought to be a bar to the civil action. Section 2 of the Code of Civil Procedure says:

"A violation of a right admits of both a civil and criminal remedy. The right to prosecute the one is not merged in the other."

In Bishop's New Criminal Law, volume 1, section 266, paragraph 3, the same principle is expressed:

"One who has borne criminally the full penalty cannot, in a civil proceeding, show this fact either in bar or ordinarily in mitigation of damages."

It also goes on to show the limitations of this doctrine, but they do not affect the case at bar. And the doctrine is enunciated by Bishop in section 990.

The third ground of error cannot be considered by us for the same reasons set out in discussing the first ground of error. We think the court below was not mistaken in saying that Borras, in order to show a set off would have to come into court with clean hands. Furthermore, we do not see how Borras would have an action against The People of Porto Rico for the acts of its agents which were contrary to law. He would have to proceed against them. Nor could Borras in this action, which is against himself and his sureties, set up an individual claim that he might have against the complainant.

For these reasons the judgment of the trial court must be affirmed.

*Affirmed.*

Chief Justice Quinones and Justices Hernandez, Figueras and MacLeary concurred.